Jamie L. **MERCATELL**

v.

James **MERCATELL, Jr.**, Appellant.

Superior Court of Pennsylvania.

Argued March 30, 2004.

Filed July 13, 2004.

Douglas G. Linn, II, Butler, for appellant.

Norman D. Jaffe, Butler, for appellee.

Before: FORD ELLIOTT, LALLY-GREEN, and TODD, JJ.

OPINION BY FORD ELLIOTT, J.:

¶ 1 James Mercatell, Jr. ("Husband"), appeals the June 16, 2003 order disposing of exceptions filed by both Husband and Jamie L. Mercatell ("Wife") and distributing the marital property in this divorce matter. We affirm.

¶ 2 The parties were married on September 6, 1980; separated on December 25, 1999; and divorced on September 19, 2001 with economic matters being bifurcated. This was Wife's first marriage and Husband's second marriage. No children were born during the marriage.

¶ 3 Husband is 49 years old and is in good health. Husband has a high school education and has been employed in various positions throughout the parties' 19-year marriage. At the time of the master's hearings, Husband was employed as a truck driver with a commercial driver's license earning approximately $32,000 per year. Husband also worked as an auto body repairman earning approximately $8,000 per year. Wife is 47 years old and is in good health. Wife has a high school education and is employed by the Butler County Purchasing Department earning approximately $40,000 per year.

¶ 4 Wife filed for divorce on March 23, 2000. By court order dated April 7, 2000, Wife was granted exclusive possession of the marital home during the pendency of the divorce action. A bifurcated divorce decree was entered on September 19, 2001. On October 12, 2001, Bernard Flughler, Esq., was appointed master to take testimony and make recommendations on the issues of equitable distribution, alimony, alimony *pendente lite*, costs, and counsel fees.

¶ 5 Hearings occurred on May 10, 2002 and June 25, 2002. On August 30, 2002, the master filed his report in which he recommended a 50/50 division of the marital assets. Both parties filed exceptions seeking a 60/40 split in his/her favor. Following argument on the exceptions, the trial court filed an opinion and final order on June 16, 2003 relating to all of the remaining issues presented to the master. With a minor exception relating to the recalculation of crediting Wife for certain debt payments, the trial court accepted the master's calculation of the marital assets and their respective values for distribution purposes. However, the trial court amended the master's recommendation that the marital assets be distributed on an equal basis and awarded Wife a 60% share. Husband appeals and presents three issues for our consideration.

I. WHETHER THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS AWARD OF EQUITABLE DISTRIBUTION BECAUSE IT DID NOT EFFECTUATE ECONOMIC JUSTICE BETWEEN THE PARTIES PURSUANT TO THE MANDATE OF THE PENNSYLVANIA DIVORCE CODE, DUE TO A GENDER BIAS.

II. WHETHER THE TRIAL COURT ERRED AND ABUSED ITS DIS-

CRETION BY MODIFYING THE MASTER'S RECOMMENDATION CALLING FOR A FIFTY-FIFTY PERCENT (50/50%) EQUITABLE DISTRIBUTION AND AWARDING A SIXTY-FORTY PERCENT (60/40%) EQUITABLE DISTRIBUTION IN FAVOR OF WIFE OVER THE CROSS-EXCEPTIONS FILED BY HUSBAND, WHEREIN THE COURT DECLINED TO AWARD A SIXTY-FORTY PERCENT (60/40%) EQUITABLE DISTRIBUTION IN FAVOR OF HUSBAND.

III. WHETHER THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT REACHED THE CONCLUSION THAT HUSBAND MADE $40,000 A YEAR BASED UPON A FORTY HOUR WORK WEEK AND INCOME FROM HIS AUTOBODY REPAIR SHOP, WHICH WAS NOT SUPPORTED IN THE RECORD.

Husband's brief at 3.

▮ ¶ 6 "Our standard of review in assessing the propriety of a marital property distribution is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure." *Harasym v. Harasym,* 418 Pa.Super. 486, 614 A.2d 742, 746 (1992). "An abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence." *Zollars v. Zollars,* 397 Pa.Super. 204, 579 A.2d 1328, 1330 (1990), *appeal denied,* 527 Pa. 603, 589 A.2d 693 (1991).

¶ 7 Pursuant to 23 Pa.C.S.A. § 3502(a), when fashioning equitable distribution awards, the trial court must consider: the length of the marriage; any prior marriages; age, health, skills, and employability of the parties; sources of income and needs of the parties; contributions of one party to the increased earning power of the other party; opportunity of each party for future acquisitions of assets or income; contribution or dissipation of each party to the acquisition, depreciation or appreciation or marital property, value of each party's separate property, standard of living established during the marriage; economic circumstances of each party and whether the party will be serving as custodian of any dependent children. 23 Pa. C.S.A. § 3502(a)(1–11). The weight to be given to these statutory factors depends on the facts of each case and is within the court's discretion. *Gaydos v. Gaydos,* 693 A.2d 1368, 1376 (Pa.Super.1997) *(en banc).*

▮ ¶ 8 Husband first argues "the trial court erred and abused its discretion in its award of equitable distribution because it did not effectuate economic justice between the parties pursuant to the mandate of the Pennsylvania Divorce Code, due to a gender bias." (Husband's brief at 3.) The thrust of Husband's argument is that even though Wife was admittedly the "primary breadwinner," who enjoys a secure government job with a salary that will increase and a pension and savings that place her in a far better financial situation than he, Wife was awarded more of the marital assets because she is a woman. We reject this argument.

▮ ¶ 9 We note that our review of the entire record indicates the trial court considered the statutory factors as they applied to the facts of this case. Furthermore, the trial court has "the authority to divide the award as the equities presented in the particular case may require." *Drake v. Drake,* 555 Pa. 481, 501, 725 A.2d 717, 727 (1999).

¶ 10 Instantly, the court found that Wife was in a better financial position than Husband due to her own efforts, and that

Husband was responsible for his financial plight. Throughout the marriage, Husband failed to hold a steady job. According to the testimony given at the master's hearings, Husband lost approximately 14 jobs during the marriage. (Master's hearing, 5/10/02 at 90–97.)

¶ 11 Husband admitted Wife paid the marital bills and that any money he earned he spent on items such as quads, motorcycles, show trucks, handguns, archery equipment, and hunting and fishing gear. (Master's hearing, 6/25/02 at 298.) Husband is not the spouse we sometimes observe who stayed home for 19 years to raise a family and now has few or no compensable skills in today's workplace. The situation here is quite the opposite. In addition to holding a commercial driver's license, Husband was qualified to work as an auto body repairman and had enough skill to work as a carpenter, an electrician, and a plumber. (*Id.* at 297.) Husband's skills, if put to use, certainly place him in a position to earn more income than he has demonstrated in the past.

¶ 12 In this case, the court placed great weight on the fact that Wife, through her own efforts (working two and three jobs at times), is primarily responsible for building the marital estate. (Trial court opinion, 6/16/03 at 17.) Husband's contributions were significantly less. (*Id.*) The trial court's decision is not based on gender bias but rather on Wife's significant contributions to the marriage.

■■■ ¶ 13 In his next argument, Husband contends the trial court erred in modifying the master's 50/50 recommendation to a 60/40 division in Wife's favor. Husband complains that the court's final award did not produce an equitable result. We begin by observing that equitable distribution does not presume an equal division of marital property and the goal of economic justice will often dictate other-

wise. *Williamson v. Williamson,* 402 Pa.Super. 276, 586 A.2d 967, 970 (1991).

¶ 14 We look at the distribution as a whole, in light of the trial court's overall application of the factors enumerated at Section 3502(a). If we find no abuse of discretion, the trial court order must stand. *Murphy v. Murphy,* 410 Pa.Super. 146, 599 A.2d 647, 653 (1991), *appeal denied,* 530 Pa. 633, 606 A.2d 902 (1992). As already stated, the trial court considered the Section 3502(a) factors. The parties were married 19 years, were close in age, and both were in good health. Both had high school educations and during the marriage lived a middle-class existence. Wife worked full-time, often working two and three jobs at a time. Husband lost approximately 14 jobs and was certainly "underemployed" throughout the marriage. Wife paid for all the marital bills while Husband used his money to buy adult toys. Wife's job provides her with a pension, medical benefits, and other perks. Husband was not working full-time, but the court believed that was by choice.

■■■ ¶ 15 Given the facts of this particular case, the trial court placed great emphasis on Wife's contributions to building the marital estate valued, by agreement of the parties, at $312,981.86. The weight assigned to each of the equitable distribution factors is at the discretion of the trial court. *Morschhauser v. Morschhauser,* 357 Pa.Super. 339, 516 A.2d 10, 16 (1986). Examining the equitable distribution award as a whole, we do not find that the trial court abused its discretion when it awarded Wife 60% of the marital property.

■■■ ¶ 16 Last, Husband argues the trial court's conclusion that he earned $40,000 per year was not supported by the record. We are aware that Husband provided no evidence, *e.g.,* W–2's or payroll statements, of his gross income at the master's hear-

ings. (Trial court opinion, 6/16/03 at 20.) Husband testified that he earned $15 per hour as a truck driver. (Master's hearing, 6/25/02 at 296.) Working full-time at the $15 rate, the master found Husband's gross annual salary equaled approximately $32,000. In addition, the master determined Husband grossed approximately $8,000 from his side business working on cars. (Master's report, 8/30/2 at 3.) The trial court accepted these findings. Husband, who failed to provide any income information, cannot now complain that the income figure attributed to him was too high.

The order of the trial court is affirmed.