J-S31004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LISA T. BREMMER, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRIAN K. SAMSEL, | |
| Appellant | No. 1512 MDA 2015 |

Appeal from the Order Dated August 5, 2015
In the Court of Common Pleas of Columbia County
Civil Division at No(s): 20-CV-1849-DV

BEFORE: SHOGAN, OTT, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 14, 2016**

Appellant, Brian K. Samsel ("Husband"), appeals from the order of August 5, 2015, entered in favor of Appellee, Lisa T. Bremmer ("Wife") in this equitable distribution matter. We affirm.

We summarize the procedural history of this case as follows. The parties were married on May 4, 1985, and ultimately separated on July 18, 2010. The parties have no children. A bifurcated decree in divorce was entered on July 30, 2014. A special master's hearing was held on September 4, 2014, and at the time of the hearing both parties were fifty-two years old. Both parties made post-hearing submissions to the master. On February 19, 2015, the master submitted his report to the trial court.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Husband filed exceptions to the master's report on March 11, 2015. The trial court held a hearing on Husband's exceptions on August 5, 2015. In an order dated August 5, 2015, and entered on August 6, 2015, the trial court denied Husband's exceptions. Husband then filed this timely appeal. Both Husband and the trial court have complied with Pa.R.A.P. 1925.

Husband presents the following issues for our review:

1. DID THE TRIAL COURT COMMIT AN ERROR IN DETERMINING THAT [HUSBAND'S] INCOME WAS $62,400.00?

2. DID THE TRIAL COURT COMMIT AN ERROR OF LAW AND ABUSE OF DISCRETION IN DETERMINING THAT SOLELY DUE TO THE DISPARATE INCOME OF THE PARTIES THAT [WIFE] SHOULD RECEIVE ALIMONY?

3. DID THE TRIAL COURT COMMIT AN ERROR OF LAW IN DETERMINING THAT [HUSBAND] SHOULD MAKE A CONTRIBUTION TOWARD [WIFE'S] ATTORNEY'S FEES IN THE AMOUNT OF $6,000.00?

4. DID THE TRIAL COURT COMMIT AN ERROR OF FACT IN DETERMINING THE VALUE OF THE 1993 HARLEY DAVIDSON FAT BOY AT $22,000.00 WHICH WAS SUBSEQUENTLY GIVEN TO THE APPELLANT DURING EQUITABLE DISTRIBUTION?

Husband's Brief at 4.

In the context of an equitable distribution of marital property, a trial court has the authority to divide the award as the equities presented in the particular case may require. *Mercatell v. Mercatell*, 854 A.2d 609, 611 (Pa. Super. 2004).

> Our standard for reviewing awards of equitable distribution is well settled. The trial court has broad discretion in fashioning such awards, and we will overturn an award only for an abuse of that discretion. To assess

- 2 -

whether the trial court abused its discretion, we must determine whether the trial court misapplied the law or failed to follow proper legal procedure. Further, we measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.

*Hayward v. Hayward*, 868 A.2d 554, 557-558 (Pa. Super. 2005) (citations omitted).

Prior to discussing the substantive issues raised by Husband, we first consider Wife's contention that this appeal should be dismissed because of Husband's failure to comply with provisions of the Pennsylvania Rules of Appellate Procedure relating to the filing of appellate briefs. Wife's Brief at 12. We have reviewed the record before us and agree that Husband has failed to fully comply with the Pennsylvania Rules of Appellate Procedure.

We note appellate briefs must materially conform to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. Chapter 21. Pursuant to Pa.R.A.P. 2101, when a party's brief fails to conform to the Rules of Appellate Procedure and the defects are substantial, an appellate court may, in its discretion, quash or dismiss the appeal. Pa.R.A.P. 2101.

Rule 2111 provides specific guidelines regarding the content of an appellant's brief. *See* Pa.R.A.P. 2111 (setting forth general contents of appellant's brief). For example, Pa.R.A.P. 2111(a)(11) and Pa.R.A.P. 2111(d) set forth the requirement that the appellant include in his brief filed

with the Superior Court a copy of the statement of errors complained of on appeal, that was filed with the lower court pursuant to Rule 1925(b). In addition, Pa.R.A.P. 2111(a)(10) and Pa.R.A.P. 2111(b) specify that the appellant include in his brief filed with the Superior Court a copy of any opinions delivered by any court below relating to the determination under review.

Further, Pa.R.A.P. 2119 addresses the argument section of appellate briefs and provides, in part, as follows:

> **(a) General rule. The argument shall be divided into as many parts as there are questions to be argued**; and shall have . . . **such discussion and citation of authorities as are deemed pertinent**.

Pa.R.A.P. 2119(a) (emphases added). "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Estate of Haiko v. McGinley*, 799 A.2d 155, 161 (Pa. Super. 2002). "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention." *Lackner v. Glosser*, 892 A.2d 21, 29-30 (Pa. Super. 2006) (citations omitted). This Court will not act as counsel and will not develop arguments on behalf of an appellant. *Irwin Union National Bank and Trust Company v. Famous and Famous and ATL Ventures*, 4 A.3d 1099, 1103 (Pa. Super. 2010) (citing

*Commonwealth v. Hardy*, 918 A.2d 766 (Pa. Super. 2007)). **See also**

**Schenk v. Schenk**, 880 A.2d 633, 639 (Pa. Super. 2005) (reiterating that

"It is not the duty of the Superior Court to scour the record and act as

appellant's counsel.").

We observe that Husband's counseled brief fails to conform with

multiple rules of appellate procedure pertaining to the construction of

appellate briefs.  In particular, Husband's brief does not contain a copy of

the statement of errors complained of on appeal filed with the trial court

pursuant to Pa.R.A.P. 1925(b).  Further, Husband's brief does not contain a

copy of the opinion filed by the trial court pursuant to Pa.R.A.P. 1925(a).

We decline to dismiss this appeal due to these defects in Husband's brief.

However, more importantly, the argument section of Husband's brief

fails to comply with Pa.R.A.P. 2119(a).  We are constrained to observe that

the additional defects in Appellant's brief are not minor.  Although Husband

lists a total of four issues in his statement of the questions presented, the

argument portion of Husband's brief is not divided into as many parts as

there are questions to be argued because the argument portion **is not**

**divided into any** distinctive segments.  Husband's Brief at 8-13.  Even

more disconcerting is the fact that the argument portion of Husband's brief

does not contain any meaningful discussion of relevant legal authority.  **Id**.

Rather, the argument section of Husband's brief consists of general

statements regarding how he sees the facts of this case and lacks any

- 5 -

significant legal discussion or analysis. This lack of analysis hinders meaningful appellate review. Accordingly, because Husband's arguments on his issues fail to set forth any meaningful discussion of relevant legal authority, we conclude that his issues are waived for appellate review. ***Lackner***, 892 A.2d at 29-30.

Order affirmed.

Judge Ott joins this Memorandum.

Judge Strassburger files a Concurring Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2016