J. A18028/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BUNNI J. MESKE-BREMMER, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 1889 MDA 2015 |
| | : | |
| EDWARD C. BREMMER | : | |

Appeal from the Order Entered September 28, 2015,
in the Court of Common Pleas of Columbia County
Domestic Relations Division at No. 1458-2011

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., AND STEVENS,* P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED NOVEMBER 10, 2016**

Bunni J. Meske-Bremmer ("Wife") appeals from the September 28, 2015 order entering a decree in divorce from Edward C. Bremmer ("Husband") and dismissing the parties' exceptions to the master's amended report and recommendation incorporated therein.  After careful review, we affirm.

The relevant "findings of fact" were summarized in the master's February 23, 2015 amended report and recommendation and need not be reiterated here.  (**See** master's report on remand, 2/23/15 at 2, ¶¶ 1-6.) The parties were married on November 27, 1998, and separated on September 23, 2011.  On September 28, 2011, Wife filed a divorce

—————————————————
* Former Justice specially assigned to the Superior Court.

complaint raising claims relating to, ***inter alia***, equitable distribution of the parties' marital estate and alimony ***pendente lite***. On October 28, 2011, the trial court granted Wife exclusive possession of the marital residence and precluded her from encumbering or selling marital property. (***See*** trial court order, 10/28/11 at ¶¶ 1, 4.) On February 5, 2013, Michael Dennehy, Esq. ("Master Dennehy"), was appointed to address the parties' claims, and a hearing was ultimately conducted on April 29, 2014. Following the hearing, Master Dennehy filed a report and recommendation on August 20, 2014. (***See*** master's report, 8/20/14.) Thereafter, both parties filed exceptions to Master Dennehy's report and recommendation, and argument was scheduled before the Honorable Brendan J. Vanston. Following argument, the trial court determined that Master Dennehy had made several mathematical errors that affected the equitable distribution scheme. Consequently, on December 22, 2014, the trial court entered an order remanding this matter with instructions to Master Dennehy to correct these errors and directing him to file an amended report and recommendation. (***See*** trial court order, 12/22/14) Specifically, the trial court noted as follows:

1. The Master made a mathematical calculation error with respect to the parties' equity in certain realty. The correct amount of such equity is $82,500.00 rather than $72[,]500.00.

2 The Master should have awarded [Wife's] 401(K) fund to [Wife] in the correct amount of $9,782.78, with an appropriated "offset" to [Husband].

3. The Master misstated the correct amount of the mortgage balance[,] which should be $33,782.78.

4. The Master should have utilized the "cash Value" of [Wife's] life insurance policy ($29,034.89) rather than it[]s "death benefit" value ($117,099).

*Id.* at 1.

As noted, Master Dennehy complied with the trial court's order and filed an amended report and recommendation on February 23, 2015. Both parties again filed exceptions, and argument was conducted on September 23, 2015. Thereafter, on September 28, 2015, the trial court entered an order dismissing the parties' exceptions and adopting the equitable distribution scheme set forth in Master Dennehy's amended report and recommendation. A decree in divorce was entered that same day. On October 27, 2015, Wife filed a timely notice of appeal.[1]

On appeal, Wife raises the following issues for our review:

[A.] WHETHER THE TRIAL COURT ERRED IN NOT FINDING THAT HUSBAND RECEIVED A BENEFIT FROM THE INCREASE IN VALUE OF WIFE'S PROPERTY AS THE INCREASE WAS PLACED INTO THE EQUITABLE DISTRIBUTION SCHEME?

[B.] WHETHER THE TRIAL COURT AND MASTER ERRED IN NOT CONSIDERING ALL FACTORS OF 23 PA.C.S.A. § 3502 AND IN ONLY CONSIDERING THE CHANGE IN VALUE OF THE MARITAL ESTATE IN DETERMINING EQUITABLE DISTRIBUTION UPON REMAND?

---

[1] Wife and the trial court have complied with Pa.R.A.P. 1925.

[C.] WHETHER THE TRIAL COURT AND MASTER ERRED IN NOT ORDERING A LARGER DISTRIBUTION OF THE MARITAL ESTATE TO WIFE AFTER CONSIDERATION OF ALL FACTORS OF 23 PA.C.S.A. § 3502 AND REMAND?

[D.] WHETHER THE TRIAL COURT AND MASTER ERRED IN NOT CONSIDERING WIFE'S LARGE CONTRIBUTIONS TO THE COLORADO PROPERTY AND NOT DISTRIBUTING THAT ASSET ON A DIFFERENT PERCENTAGE?

[E.] WHETHER THE TRIAL COURT AND MASTER ERRED IN NOT INCREASING THE AMOUNT AND DURATION OF ALIMONY AS THE TRIAL COURT AND MASTER DID NOT REVIEW THE FACTORS REQUIRED IN 23 PA.C.S.A. § 3701(B) AND ONLY CONSIDERED THE SMALL PERCENTAGE CHANGE IN THE SIZE OF THE MARITAL ESTATE AND THUS MADE NO CHANGE?

Wife's brief at 5 (capitalization in original; emphasis omitted).

The trial court has broad discretion in fashioning equitable distribution awards, and proper appellate review dictates that we overturn such an award only if the trial court has abused that discretion. *Wang v. Feng*, 888 A.2d 882, 887 (Pa.Super. 2005). "To assess whether the trial court abused its discretion, we must determine whether the trial court misapplied the law or failed to follow proper legal procedure." *Id.* (citations omitted). "An abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence." *McCoy v. McCoy*, 888 A.2d 906, 908 (Pa.Super. 2005) (internal quotation marks omitted).

We begin by addressing Wife's issues A, B, and D. Specifically, Wife argues that Master Dennehy erred "in not finding that Husband received a benefit from the increase in value of Wife's property"[;] "in only considering the change in value of the marital estate in determining equitable distribution upon remand"[;] and "in not considering Wife's larger contributions to the Colorado property and not distributing the asset on a different percentage." (Wife's brief at 12, 14, 21). We disagree.

The Divorce Code does not specify a particular method of valuing assets. The divorce master and trial court must exercise discretion and rely on the estimates, inventories, records of purchase prices, and appraisals submitted by both parties. *Smith v. Smith*, 653 A.2d 1259, 1265 (Pa.Super. 1995), *appeal denied*, 663 A.2d 693 (Pa. 1995).

> In determining the value of marital property, the court is free to accept all, part or none of the evidence as to the true and correct value of the property. Where the evidence offered by one party is uncontradicted, the court may adopt this value even though the resulting valuation would have been different if more accurate and complete evidence had been presented. A trial court does not abuse its discretion in adopting the only valuation submitted by the parties. Absent a specific guideline in the divorce code, the trial courts are given discretion to choose the date of valuation of marital property[,] which best provides for "economic justice" between parties.

*Baker v. Baker*, 861 A.2d 298, 302 (Pa.Super. 2004), *appeal denied,* 918 A.2d 741 (Pa. 2007) (citations and internal quotation marks omitted).

Wife's claims hinge in large part on the credibility judgments of Master Dennehy. We have consistently explained that the finder-of-fact is entitled to weigh the evidence presented and to assess its credibility, believing all, part, or none of it. **Smith v. Smith**, 904 A.2d 15, 20 (Pa.Super. 2006). Where, as here, a master "observed and heard the testimony and demeanor of various witnesses," we give the master's findings the fullest consideration. **Anderson v. Anderson**, 822 A.2d 824, 830 (Pa.Super. 2003).

Herein, the record reflects that Master Dennehy relied on the plethora of exhibits submitted by the parties, as well as the testimony of each party at the April 29, 2014 hearing, in determining the value of the parties' marital property. (**See** "Plaintiff's Exhibits from Special Master Hearing," Nos. 1-4, 6-14, 21-22A; "Defendant's Exhibits from Special Master Hearing," Nos. 1-20; notes of testimony, 4/29/14 at 36-60, 94-139.) The trial court found that "the testimony of the parties was often inconsistent" and Master Dennehy "was in the best position to judge the credibility of [the] witnesses[.]" (Trial court opinion, 11/10/15 at 2.) We similarly decline to upset the credibility determinations of the fact-finder. "[A] master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties." **Moran v. Moran**, 839 A.2d 1091, 1095.

(Pa.Super. 2003) (citation omitted). Accordingly, Wife's claims challenging Master Dennehy's valuation of the parties' marital assets must fail.

Wife also challenges the final equitable distribution scheme adopted by the trial court in issues B and C. Specifically, Wife argues that the trial court and Master Dennehy erred "in not considering all the factors of [Section 3502,]" and "in not ordering a larger distribution of the marital estate to Wife after consideration of all factors of [Section 3502] and remand." (Wife's brief at 14, 18.) For the following reasons, we disagree.

This court has repeatedly explained that, "[i]n determining the propriety of an equitable distribution award [], we must consider the distribution scheme as a whole." *Schenk v. Schenk*, 880 A.2d 633, 643 (Pa.Super. 2005). "We also remain cognizant that we measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights." *Id.* (citation omitted). "[T]he trial court has the authority to divide the award as the equities presented in the particular case may require." *Teodorski v. Teodorski*, 857 A.2d 194, 199-200 (Pa.Super. 2004) (citation and internal quotation marks omitted). "Further, when a court divides the marital property, it must do so only after considering 'all relevant factors,' including eleven specific factors listed in the Divorce Code." *Id.*, citing 23 Pa.C.S.A. § 3502.

> Pursuant to 23 Pa.C.S.A. § 3502(a), when fashioning equitable distribution awards, the trial

> court must consider:  the length of the marriage; any prior marriages; age, health, skills, and employability of the parties; sources of income and needs of the parties; contributions of one party to the increased earning power of the other party; opportunity of each party for future acquisitions of assets or income; contribution or dissipation of each party to the acquisition, depreciation or appreciation of marital property, value of each party's separate property, standard of living established during the marriage; economic circumstances of each party and whether the party will be serving as custodian of any dependent children.

*Mercatell v. Mercatell*, 854 A.2d 609, 611 (Pa.Super. 2004) (citation omitted).  "The weight to be given to these statutory factors depends on the facts of each case and is within the [fact-finder's] discretion." *Schenk*, 880 A.2d at 643 (citations omitted).

Instantly, we find the master expressly considered all of the relevant factors in recommending a 50%-50% division of the parties' marital property.  (*See* master's report, 8/20/14 at 11; master's report on remand, 2/23/15 at 6.)  Those factors included Husband's higher earning capacity, the fact that the parties did not have children, and the parties' "substantial non-marital assets[,]" including Husband's retirement account and Wife's "own separate residence with substantial equity[.]"  (Master's report, 8/20/14, at 10-11.)  The master also considered the moderate duration of the marriage; the parties' respective ages, skills, and good health; and their economic circumstances and liabilities.  (*Id.*)  Additionally, the master took note of the fact that Wife's father made substantial gifts to her in the form of

cash and other property, the majority of which "were used by the parties during the marriage or were invested into the marital residence" owned solely by Wife. (Master's report on remand, 2/23/15 at 6; **see also** master's report, 8/20/14 at 10.) The trial court agreed with the recommended distribution scheme, concluding that it was "fair and equitable under the circumstances." (Trial court opinion, 11/10/15 at 2.)

Wife's contentions on appeal merely challenge the weight to be accorded the various factors, and as discussed, this matter is within the province of the fact-finder, Master Dennehy, and not the appellate court. **See Schenk**, 880 A.2d at 643; **Moran**, 839 A.2d at 1095. Herein, Master Dennehy and the trial court gave due consideration to all of the factors set forth in Section 3502 in arriving at an equitable distribution scheme which, as a whole, achieved a just determination of the parties' marital property. Accordingly, we find no abuse of the trial court's discretion in adopting Master Dennehy's February 23, 2015 amended report and recommendation.

Wife's fifth and final issue relates to the trial court's award of alimony. Specifically, Wife argues that "[t]he trial court and Master [Dennehy] erred in not increasing the amount and duration of alimony as the trial court did not review the factors required in 23 Pa.C.S.A. § 3701(b) and only considered the small percentage change in the size of the marital estate . . . ." (Wife's brief at 24; issue E (capitalization omitted).)

We conduct our review of this issue according to the following standard:

> The role of an appellate court in reviewing alimony orders is limited; we review only to determine whether there has been an error of law or abuse of discretion by the trial court. Absent an abuse of discretion or insufficient evidence to sustain the support order, this Court will not interfere with the broad discretion afforded the trial court.

*Smith*, 904 A.2d at 20 (citation omitted).

In determining the nature, amount, duration, and manner of payment of alimony, the following 17 factors set forth in Section 3701(b) must be considered:

> (1) The relative earnings and earning capacities of the parties.
>
> (2) The ages and the physical, mental and emotional conditions of the parties.
>
> (3) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.
>
> (4) The expectancies and inheritances of the parties.
>
> (5) The duration of the marriage.
>
> (6) The contribution by one party to the education, training or increased earning power of the other party.
>
> (7) The extent to which the earning power, expenses or financial obligations of a party will be affected by reason of serving as the custodian of a minor child.

(8) The standard of living of the parties established during the marriage.

(9) The relative education of the parties and the time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment.

(10) The relative assets and liabilities of the parties.

(11) The property brought to the marriage by either party.

(12) The contribution of a spouse as homemaker.

(13) The relative needs of the parties.

(14) The marital misconduct of either of the parties during the marriage. The marital misconduct of either of the parties from the date of final separation shall not be considered by the court in its determinations relative to alimony, except that the court shall consider the abuse of one party by the other party. As used in this paragraph, "abuse" shall have the meaning given to it under section 6102 (relating to definitions).

(15) The Federal, State and local tax ramifications of the alimony award.

(16) Whether the party seeking alimony lacks sufficient property, including, but not limited to, property distributed under Chapter 35 (relating to property rights), to provide for the party's reasonable needs.

(17) Whether the party seeking alimony is incapable of self-support through appropriate employment.

23 Pa.C.S.A. § 3701(b); *see also Isralsky v. Isralsky*, 824 A.2d 1178, 1188 (Pa.Super. 2003).

In the instant matter, Master Dennehy determined "that an award of twelve (12) months of alimony [to Wife] in the amount of [$800.00] per month would be appropriate under [Section] 3701 of the Divorce Code." (Master's report on remand, 2/23/15 at 6.)  In support of this conclusion, Master Dennehy noted that Wife has a "substantial separate non-marital residence" and that the parties' marriage "was only of moderate duration." (*Id.*)  Master Dennehy also directed the parties to his analysis in the initial August 20, 2014 report and recommendation, wherein he reviewed the Section 3701(b) factors at great length.  (*Id.*; *see also* master's report, 8/20/14 at 11-13.)

Following our careful review, we conclude that Master Dennehy adequately examined the specific facts of this case and properly analyzed the appropriate statutory factors in Section 3701 in determining Wife's reasonable needs and Husband's ability to pay.  The record supports Master Dennehy's findings, and therefore, we conclude that the trial court did not abuse its discretion in adopting his alimony recommendation.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/10/2016

- 12 -