J-S61028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| BEATRIZ RHOADES | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| RODNEY VERNON RHOADES | |
| Appellee | No. 144 WDA 2016 |

Appeal from the Order December 31, 2015
In the Court of Common Pleas of Armstrong County
Civil Division at No(s): No. 2004-1376-Civil-Divorce

BEFORE:  PANELLA, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                **FILED OCTOBER 18, 2016**

Beatriz Rhoades ("Wife") appeals *pro se* from the order entered in the Court of Common Pleas of Armstrong County distributing the marital property between her and Rodney Vernon Rhoades ("Husband").  Wife challenges the trial court's valuation and distribution of the marital assets, as well as the court's order denying alimony, counsel fees and costs.  After our review, we affirm in part, and vacate and remand in part for correction of the order.

Husband and Wife were married on October 4, 2001; they separated three years later, on November 5, 2004.  Wife filed a complaint in divorce on

September 22, 2004, which included claims for alimony and equitable distribution.[1]

Husband is 63 years old. He is employed as an equipment instructor with the Pennsylvania Department of Transportation. Wife is 55 years old and has the equivalent of a college degree in Accounting; she has completed some coursework in law in pursuit of paralegal certification. Until May of 2016, Wife was employed as a customer service representative for United Health Care, earning approximately $36,497.47 annually, with health care benefits and a retirement plan.

Following a hearing, the master made the following recommendations:

- The parties' marital residence was valued at $84,250.00, the average of the appraisals offered by each party at the date of separation (less mortgage ($57,219.08) and home equity loan ($14,649.55), leaving $12,381.37 in equity to divide.

- Husband's SERS Pension – the marital portion, from date of marriage to date of separation, was 12.46%.

- Husband's Janus-Vanguard IRA – non-marital asset, which increased in value by $6,109.14 during the marriage. The master applied the annual increase of 11.5% over a ten-year period to value as of date of distribution, for a valuation of $17,876.48.

- Husband's Deferred Compensation Account – valued at $682.00 at time of marriage, at $2,469.02 at time of separation, and current value of $6,666.68. The master reduced the current value by the premarital portion ($1,787.02), valuing the marital portion at $4,879.66.

---

[1] The court granted Husband's petition for bifurcation and a divorce decree was entered on May 5, 2009.

The master recommended the marital property be distributed 50% to each party. The master also recommended that no costs, counsel fees, or alimony be awarded to Wife.[2]  ***See*** Master's Report, 1/7/15, at 10-18. Wife filed exceptions, which were denied.  On appeal, Wife raises the following claims:

1. Whether the court abused its discretion and/or misapplied the law in its calculation/determination of the marital value of Husband's Janus-Vanguard IRA, SERS Defined Benefit Retirement Plan, SERS Deferred Compensation Account, [and] the marital residence; and omitting [a] determin[ation of] the marital value[] of Husband's leave accrued during the marriage for the purposes of the equitable distribution.

2. Whether the court abused its discretion and/or misapplied the law under the circumstances by distributing only 50% of the marital assets to injured Wife (disabled and unable to work since May 2015).

3. Whether the court abused its discretion and/or misapplied the law under the circumstances by denying injured Wife's (disabled and unable to work since May 2015) claims for alimony, counsel fees, and other costs.

Appellant's Brief, at 4.

Our role in reviewing equitable distribution awards is well-settled.

> Our standard of review in assessing the propriety of a
> marital property distribution is whether the trial court

---

[2] The master noted that Wife received spousal support from the date of separation until 2008 in the amount of $10,150.29.  The master also noted that Wife was educated, gainfully employed, owned a home and would be receiving 50% of the marital estate.

abused its discretion by a misapplication of the law or failure to follow proper legal procedure. An abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence.

*McCoy v. McCoy*, 888 A.2d 906, 908 (Pa. Super. 2005) (internal quotations omitted).

We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. This Court will not find an abuse of discretion unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole.

*Biese v. Biese*, 979 A.2d 892, 895 (Pa. Super. 2009) (quotations and citations omitted). When reviewing an award of equitable distribution, "we measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights." *Hayward v. Hayward*, 868 A.2d 554, 559 (Pa. Super. 2005). "[I]t is within the province of the trial court to weigh the evidence and decide credibility and this Court will not reverse those determinations so long as they are supported by the evidence." *Morgante v. Morgante*, 119 A.3d 382, 387 (Pa. Super. 2015).

With respect to the distribution, when a court endeavors to divide marital property equitably, it must take into consideration the factors delineated in section 3502(a) of the Divorce Code. *Drake v. Drake*, 725 A.2d 717 (Pa. 1999); 23 Pa.C.S.A. § 3502(a) (stating factors which are

relevant to equitable division of marital property include: length of marriage; any prior marriage of either party; age, health, station, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each party; contribution by one party to education, training or increased earning power of other party; opportunity for each party for future acquisitions of capital assets and income; sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits; contribution or dissipation of each party in acquisition, preservation, depreciation or appreciation of marital property, including contribution of party as homemaker; value of property set apart to each party; standard of living parties established during marriage; economic circumstances of each party at time division of property is to become effective; and whether party will be serving as custodian of any dependent minor children).

The weight to be given to these statutory factors depends on the facts of each case and is within the court's discretion. We will not reweigh these factors. *See Busse v. Busse*, 921 A.2d 1248, 1260 (Pa. Super. 2007). We look at the distribution as a whole, in light of a trial court's overall application of the factors; the trial court has the authority to divide the award as the equities presented in the particular case may require. *Id.*

Further, in determining the value of marital property, the court is free to accept all, part or none of the evidence as to the true and correct value of

the property. ***Baker v. Baker***, 861 A.2d 298, 302 (Pa. Super. 2004); ***Isralsky v. Isralsky***, 824 A.2d 1178, 1185 (Pa. Super. 2003).

Finally, our role in reviewing alimony orders is limited; we review only to determine whether there has been an error of law or abuse of discretion by the trial court. Absent an abuse of discretion or insufficient evidence to sustain the order, this Court will not interfere with the broad discretion afforded the trial court. ***Willoughby v. Willoughby***, 862 A.2d 654, 656 (Pa. Super. 2004). The Divorce Code dictates that "in determining the nature, amount, duration and manner of payment of alimony, the court shall consider all relevant factors," including those statutorily prescribed at 23 Pa.C.S.A. § 3701. ***See*** 23 Pa.C.S.A. § 3701(b)(1)-(17).[3]

---

[3] These factors include:

(1) The relative earnings and earning capacities of the parties.

(2) The ages and the physical, mental and emotional conditions of the parties.

(3) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.

(4) The expectancies and inheritances of the parties.

(5) The duration of the marriage.

(6) The contribution by one party to the education, training or increased earning power of the other party.

(7) The extent to which the earning power, expenses or financial obligations of a party will be affected by reason of serving as the custodian of a minor child.

*(Footnote Continued Next Page)*

First, Wife argues the court abused its discretion or misapplied the law in its valuation of Husband's Janus-Vanguard IRA. Wife contends the marital portion should have been valued as of the date of distribution, not

*(Footnote Continued)* ————————

(8) The standard of living of the parties established during the marriage.

(9) The relative education of the parties and the time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment.

(10) The relative assets and liabilities of the parties.

(11) The property brought to the marriage by either party.

(12) The contribution of a spouse as homemaker.

(13) The relative needs of the parties.

(14) The marital misconduct of either of the parties during the marriage. The marital misconduct of either of the parties from the date of final separation shall not be considered by the court in its determinations relative to alimony, except that the court shall consider the abuse of one party by the other party. As used in this paragraph, "abuse" shall have the meaning given to it under section 6102 (relating to definitions).

(15) The Federal, State and local tax ramifications of the alimony award.

(16) Whether the party seeking alimony lacks sufficient property, including, but not limited to, property distributed under Chapter 35 (relating to property rights), to provide for the party's reasonable needs.

(17) Whether the party seeking alimony is incapable of self-support through appropriate employment.

23 Pa.C.S.A. § 3701(b)(1)-(17).

separation, and she cites to **Smith v. Smith**, 653 A.2d 1259 (Pa. Super. 1994). In **Smith**, this Court stated:

> The increase in the value of Husband's deferred compensation plan, employee savings plan and IRA, from the date of separation until the date of distribution, was not a result of Husband's post-separation contributions. Husband admitted that he made no contributions to these retirement funds post-separation. Therefore, the most appropriate date for valuing Husband's various pension plans is the date of distribution.

**Smith**, 653 A.2d at 1271. Here, like in **Smith**, Husband acknowledged he made no post-separation contributions to the IRA fund. **See** N.T. Hearing, 9/11/14, at 362. Wife states that the value of the IRA as of the hearing date was $174,409.78, which is the same valuation date and amount the trial court used. Wife, however, claims, without explanation, that the *marital* portion of the IRA is **62.4%** of that, or $108,853.77.

The trial court determined that the value of the fund was $65,556.51 at the time of the marriage, and $79,630.88 at the time of separation, concluding, therefore, that the marital portion, or *increase in value during the marriage*, was $14,074.37, or 17.7% of $79,630.88. The court then determined that the value as of the date of the hearing, $174,409.78, the date closest to distribution, represented an increase of $108,853.77 over the date of marriage value, a gain of 166%. The court then multiplied the marital portion ($14,074.37) by 166%, which equals $23,363.45, to obtain a hearing date valuation of **$37,437.82** ($14,074.37 + $23,363.45).

Although we find no abuse of discretion, we note a minor mathematical correction: 17.7% of $79,630.88 is **$14,094.67**, not **$14,074.37**. Thus, if we multiply the corrected marital portion by 166%, the result is $23,397.15, which results in a hearing date valuation of $37,491.82 ($14,094.67 + $23,397.15). This results in an additional $54.00 ($37,491.82 - $37,437.82) to the marital portion of the IRA, which is added to the marital estate.

Contrary to Wife's argument, the trial court properly utilized the hearing date value to determine the increase in the marital portion of the IRA. Additionally, we find no support or argument for Wife's claim that she is entitled to 62.4% of the value of the IRA as of the date of the hearing. We find no error or abuse of discretion. *Baker*, *supra*.

Wife next argues that the court erred in determining the marital portion, or coverture fraction, applicable to Husband's SERS pension. Although Wife's argument is unclear, it appears from her exception to the master's report that she is arguing about a 0.088 difference in the master's determination of number of years of service (denominator) Husband participated in SERS during the 36-month marriage (numerator). We agree with the trial court that the master's failure to calculate that time down to the nearest one-thousandth is *de minimis*. We find no error. *Biese*, *supra*.

Wife also argues the court erred in determining the value of the marital portion of Husband's Deferred Compensation account. The account was valued at $682.00 at the time of marriage. On September 30, 2004

(following Wife's filing for divorce), it was valued at $2,469.02. Thereafter, Husband made minor contributions and at the time of the master's hearing on September 11, 2014, it was valued at $6,666.68. Once again, Wife argues about the date of valuation, but the date she proposes, date of the hearing, is the date that was utilized by the master in its recommendation, which the trial court affirmed. Further, Wife again proposes a marital portion, "approximately 90%," without providing support or argument. Here, the court found the master's application of 72.377% appropriate and reasonable. The court arrived at this fraction/marital portion by subtracting the value at the time of the marriage from the value after Wife filed for divorce ($2,469.02 - $682.00 = $1,787.02). The $1,787.02 figure represents 72.377% of the total, and thus is the marital portion. The master subtracted the marital portion from the current value ($6,666.68 - $1,787.02) to reach "the marital portion subject to division **$4,879.66**." Master's Report and Recommendation, 1/7/15, at 12. Although we think it more appropriate to reduce the current value by 72.377% to reach the marital portion subject to equitable distribution ($6,666.68 x 72.377% = **$4,826.60**), we find this error was in Wife's favor, was *de minimis* and, therefore, of no consequence.

Wife also argues that the trial court erred in its valuation of the marital residence. As stated above, the court received appraisals from both parties, $89,500 from Wife's appraiser and $79,000 from Husband's appraiser. The court determined that the average of these appraisals, $84,250, was

- 10 -

reasonable. We find no abuse of discretion. *See Aletto*, 537 A.2d at 1489 (court acted within its discretion in assigning equal weight to testimony of two experts and averaging the two figures to arrive at estimated fair market value of marital home).

Wife also claims the court erred in failing to determine the marital value of Husband's accrued leave during the marriage. She argues that during the marriage Husband accrued 346.4 annual leave hours and 300 sick leave hours, totaling 646.4 leave hours, multiplied by his hourly rate of $23.93, for a total "marital asset" of $15,468.35. First, we note that this clam was not raised before the master, and the trial court determined there was nothing in the record with respect to this claim and, therefore, it was waived. *Nagle v. Nagle*, 799 A.2d 812, 821 (Pa. Super. 2002) (issue waived because it was not included in exceptions to master's report). Further, Wife provides no support in her brief for this claim. Although she cites to case law in Alaska and Washington, those cases are neither binding nor persuasive.

Next, Wife argues the court erred or abused its discretion by distributing to her "only 50% of the marital assets[.]" Appellant's Brief at 4. Instantly, we find no basis in the certified record to disturb the trial court's 50/50 division of the marital assets. As the trial court points out, this "drawn-out divorce has been going on almost four times longer than the parties' short-lived marriage of three years." Trial Court Opinion, 12/31/14, at 1. Wife overlooks the fact that the marriage was of short duration.

Additionally, the court points out that the parties have been battling over marital assets valued at less than $100,000.00, and, in particular, Wife has sought to be named sole beneficiary of Husband's State Employee Retirement System (SERS) account, despite the fact that the marital portion of Husband's state employee pension was determined to be 13%.[4] We find no error or misapplication of law. The trial court carefully considered the relevant statutory factors, in particular the fact that the marriage lasted only three years. We will not engage in reweighing the statutory factors. *Busse*, *supra*.

In her final claim, Wife argues the court erred in denying her claim for alimony, counsel fees and costs. We disagree.

With respect to her alimony claim, Wife contends she was physically abused during the marriage, which has had lasting effects and rendered her incapable of working. She also claims discrepancy in the parties' earnings, earning capacities and other sources of income.

Although marital misconduct may be considered in an alimony determination, 23 Pa.C.S.A. § 3701(b)(14), the trial court found, and we

_____

[4] To protect Wife's interests pending equitable distribution, the court, by order dated March 3, 2014, directed Husband to name Wife "primary beneficiary of no less than thirteen percent (13%) of his Pennsylvania State Employees Retirement Pension account upon his death." The court also ordered the SERS board to freeze all activity in account, except that Husband would be free to designate the primary beneficiary of the remaining 87% of the account. Order, 3/3/14, at ¶ 1.

agree, that Wife never proved that she was injured. The trial court stated that Wife failed to prove that Husband "caused her any lasting physical injuries [and] has also failed to prove that she is physically disabled, that her earning capacity has been affected or that she has lost earnings as a result of the alleged injuries." Trial Court Opinion, 12/31/15, at 2.[5] Further, the court noted that Wife remained employed for eleven years after separation, up until May 2015, which was just prior to the hearing on the exceptions to the master's report.

In denying Wife's request for alimony, the trial court emphasized the short duration of this marriage. Additionally, at the time of the master's hearing, Wife was gainfully employed with health insurance and a retirement plan, owned a home, and would be receiving $24,839.85 in equitable distribution in addition to 50% of the marital portion of Husband's SERS Pension. With respect to the discrepancy in incomes, earning capacities, and sources of income, the trial court found:

> [I]t is true that [Husband] made significantly more than [Wife] did. However, [Wife] was 53 years old, while [Husband] was 61. [Wife] still has a number of years to work, whereas [Husband] is closer to retirement. In addition, [Wife] received spousal support from [Husband] totaling $10,150.29 before her support case was closed by court order in 2008. Moreover, [Husband] brought [Wife] and her minor daughter to the United States at

_____

[5] The trial court noted that even if Wife had properly authenticated her medical records, "the opinions, diagnoses and conclusions contained therein constitute inadmissible hearsay and could not be considered[.]" Trial Court Opinion, **supra** at 6-7.

- 13 -

> [Husband's] expense and [he] supported both of them for four years. [Wife] has more education than [Husband] does, having worked as an accountant in Colombia for a number of years before she came to the United States. In addition, [Wife] has a house in Colombia that she inherited from her mother and a Colombian government retirement benefit.

Trial Court Opinion, *supra* at 19.

These findings are supported in the record, and the court's order denying alimony based on these findings is neither an abuse of discretion nor error of law. *Willoughby*, *supra*.

With respect to costs and counsel fees, we note that we review a trial court's decision to award costs and fees in a divorce matter under an abuse of discretion standard. *Habjan v. Habjan*, 73 A.3d 630, 642 (Pa. Super. 2013). Here, Wife argues that due to the disparity in their economic circumstances, she is entitled to counsel fees and costs. Instantly, we find that the trial court did not abuse its discretion in denying Wife's request. The court agreed with the master's recommendation, and that recommendation was based on a consideration of all relevant factors, including the payor's ability to pay, the requesting party's financial resources, the value of the services rendered and the property received in equitable distribution. *See* 23 Pa.C.S.A. § 3702. We find no abuse of discretion.

Based upon our review of the parties' briefs, the certified record on appeal, and the relevant law, we conclude that the trial court's award of equitable distribution and its denial of Wife's request for alimony, counsel

fees and costs appropriately effectuated economic justice under the evidence presented. We find no abuse of discretion or misapplication of law.

Order affirmed in part; vacated and remanded in part. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/18/2016</u>