J. A19006/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KATHLEEN M. PILLAR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DAVID M. PILLAR, | : | No. 3300 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Decree, October 14, 2015,
in the Court of Common Pleas of Wayne County
Civil Division at No. No. 1-2015-DR

BEFORE:  FORD ELLIOTT, P.J.E., OTT AND FITZGERALD,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JANUARY 13, 2017**

David M. Pillar ("Husband") appeals from the October 14, 2015 order entering a decree in divorce from Kathleen M. Pillar ("Wife") and incorporating the master's April 30, 2015 report and recommendation therein.  After careful review, we affirm.

The relevant "findings of fact" were summarized in the master's April 30, 2015 report and recommendation and need not be reiterated here. (***See*** master's report and recommendation, 4/30/15 at 2-6, ¶¶ 1-69.)  The parties were married on September 15, 2000, and separated on November 26, 2013.  On January 2, 2014, Wife filed a divorce complaint raising claims relating to, ***inter alia***, equitable distribution of the parties' marital estate and alimony.  On January 16, 2015, Pamela S. Wilson, Esq. ("Master Wilson"), was appointed to address the parties' claims, and a

_____

* Former Justice specially assigned to the Superior Court.

hearing was ultimately conducted on March 12, 2015. Following the hearing, Master Wilson filed a report and recommendation on April 30, 2015. On May 18, 2015, Husband filed exceptions to Master Wilson's report and recommendation, and argument was scheduled before the Honorable Raymond L. Hamill on June 29, 2015. On July 8, 2015, the trial court entered an order denying Husband's exceptions and adopting the equitable distribution scheme set forth in Master Wilson's report and recommendation.

Specifically, Master Wilson made the following recommendations in her report:

1. Wife's request for divorce should be granted on Wife's complaint to divorce under [23 Pa.C.S.A.] § 3301(c)[1] of the Pennsylvania Divorce Code. The parties agree that the marriage is irretrievably broken.

2. Wife's request for a divorce based upon Pa.C.S.[A.] 23 § 3301(d) and [23 Pa.C.S.A.] § 3301(a)(6) of the Pennsylvania Divorce Code is denied.

3. Wife shall receive $349.28 from Husband for the late fees she incurred due to his failure to make timely mortgage payments while he was living in the home. Husband shall pay this amount within thirty days of the divorce decree being entered.

4. The marital debt in the amount of $24,480.43 shall be disbursed from the escrow account to the noted credit card companies. Wife shall

---

[1] We note that 23 Pa.C.S.A. § 3301 was amended, effective December 5, 2016, but that the version of the statute applicable in the case **sub judice** was prior to this amendment. (**See** 23 Pa.C.S.A. § 3301, enacted legislation 1990, Dec. 19, P.L. 1240, No. 206, § 2.)

receive $20,920.18, which represents the remaining balance from the sale of the marital residence.

5.  The parties will keep any personal property currently in their possession, except that Wife shall receive the two plants and set of dishes with blue flowers.

6.  Wife's request for alimony under [23 Pa.C.S.A.] § 3701 of the Pennsylvania Divorce Code is granted. Wife shall receive $280.00 a month until she reaches the age of 65.

7.  Wife's request for **alimony pendente lite** is denied.

8.  Wife's request for payment of counsel fees under [23 Pa.C.S.A.] § 3702 of the Pennsylvania Divorce Code is denied.

8.  Each party is to assume any and all debt and/or other liabilities which are in their respective names not addressed in this recommendation.

9.  Husband shall receive the Wells Fargo checking account.

10. Husband is entitled to keep Pillar Masonry, including the equipment.

11. Each party will cooperate in the transferring of any titles, deeds, or legal documentation so a transfer can be successfully effectuated. Any transfer fees to effectuate any transaction will be equally shared by the parties.

12. Each party is awarded the vehicle which is currently in their possession.

13. Husband is responsible for his own counsel fees.

> 14. Any fees beyond the initial Master's $500.00 fee shall be divided 60% ($282.00) to Husband and 40% ($188.00) to Wife.

Master's report and recommendation, 4/30/15 at 10-11 (citation formatting corrected).

Thereafter, on October 14, 2015, the trial court entered a decree in divorce and incorporated Master Wilson's report and recommendation. On November 3, 2015, Husband filed a timely notice of appeal. The following day, the trial court directed Husband to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Husband filed his timely Rule 1925(b) statement on November 23, 2015. On January 7, 2016, the trial court filed a comprehensive, nine-page Rule 1925(a) opinion.

Husband raises the following issues for our review:

> 1. Did the trial court err or abuse its discretion in denying the exception alleging that the Master erred in not considering, in her Recommendation, that there be any division of Husband's marital debts despite stating in her Findings of Fact that "Husband claims marital debts in the amount of $22,775.00[]"?
>
> 2. Did the trial court err or abuse its discretion in denying the exception alleging that the Master erred in calculating the parties' marital debt as $24,480.83 given Husband's testimony regarding his marital debt?
>
> 3. Did the trial court err or abuse its discretion in denying the exception alleging that the Master erred in determining that Wife shall receive

$20,920.18 from the remaining balance of the sale of the marital residence, but would also have the marital debt in her name paid from the proceeds of the house, with no recommendation as to the division of the marital debt in Husband's name?

4. Did the trial court err or abuse its discretion in denying the exception alleging that the Master erred in finding that Wife has a pension from Wayne Memorial Hospital and receives $115.25 a month, but did not subject said pension to equitable distribution?

5. Did the trial court err or abuse its discretion in denying the exception alleging that the Master erred in granting alimony as Wife works part-time as a bartender at Blooming Grove Tavern?

6. Did the trial court err or abuse its discretion in denying the exception alleging that the Master erred in granting Wife alimony until the age of 65, when Wife would be entitled to social security at age 62?

7. Did the trial court err or abuse its discretion in denying the exception alleging that the Master erred in granting Wife alimony when she receives $1,300.00 monthly from social security disability?

8. Did the trial court err or abuse its discretion in denying the exception alleging that the Master erred in granting Wife alimony, yet found that the Wife is not an injured or innocent spouse?

9. Did the trial court err or abuse its discretion in denying the exception alleging that the Master erred in granting alimony in light of the equitable distribution award, as well as her employment, disability payments, and pension?

> 10. Did the trial court err or abuse its discretion in denying the exception alleging that the Master erred in granting Wife's request for alimony for $280.00 until she reaches the age of 65?

Husband's brief at 4-5.[2]

We begin by addressing Husband's challenges to the equitable distribution scheme. Specifically, Husband argues that Master Wilson erred in finding that the parties' marital debt was $24,480.43, despite Husband testifying that the marital debt was $22,775.00; that Wife was entitled to receive $20,920.18 from the remaining balance of the sale of the marital residence; and that Wife's $115.25 monthly pension from Wayne Memorial Hospital was not subject to equitable distribution. (Husband's brief at 11-17; issues 1-4.)

Our standard of review of awards of equitable distribution is well settled:

> A trial court has broad discretion when fashioning an award of equitable distribution. Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. This Court will not find an abuse of discretion unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of

---

[2] Husband's arguments can be separated into two categories; his first four issues challenge the equitable distribution scheme, and his remaining six issues concern the award of alimony. For the ease of discussion, we have addressed each of these matters accordingly.

partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.

*Reber v. Reiss*, 42 A.3d 1131, 1134 (Pa.Super. 2012), *appeal denied*, 62 A.3d 380 (Pa. 2012) (citation omitted).

The Divorce Code does not specify a particular method of valuing assets. The divorce master and trial court must exercise discretion and rely on the estimates, inventories, records of purchase prices, and appraisals submitted by both parties. *Smith v. Smith*, 653 A.2d 1259, 1265 (Pa.Super. 1995), *appeal denied*, 663 A.2d 693 (Pa. 1995).

In determining the value of marital property, the court is free to accept all, part or none of the evidence as to the true and correct value of the property. Where the evidence offered by one party is uncontradicted, the court may adopt this value even though the resulting valuation would have been different if more accurate and complete evidence had been presented. A trial court does not abuse its discretion in adopting the only valuation submitted by the parties. Absent a specific guideline in the divorce code, the trial courts are given discretion to choose the date of valuation of marital property[,] which best provides for "economic justice" between parties.

*Baker v. Baker*, 861 A.2d 298, 302 (Pa.Super. 2004), *appeal denied*, 918 A.2d 741 (Pa. 2007) (citations and internal quotation marks omitted).

Husband's claims hinge in large part on his disagreement with a number of Master Wilson's findings. The record reflects that Master Wilson relied on the plethora of exhibits submitted by the parties, as well as the testimony of each party at the March 12, 2015 hearing, in determining the value of the parties' marital property. (Master's report and recommendation, 4/30/15 at 6-8; **see also** Wife's "Pre-Trial Statement," 2/27/15, exhibits 1-18; Husband's "Pre-Trial Statement," 3/9/15, exhibits A-R; certified record at nos. 23, 27.) The trial court found that Master Wilson disagreed with Husband's valuation of the parties' marital debt and that her proposed recommendations were supported by the record. (Trial court opinion, 1/7/16 at 2-3.) We similarly decline to upset the determinations of the fact-finder. We have consistently explained that "a master's report and recommendation, although only advisory, is to be given the fullest consideration[,]" as the master is in the best position to observe the testimony and demeanor of the parties. **Moran v. Moran**, 839 A.2d 1091, 1095 (Pa.Super. 2003) (citation omitted).

This court has repeatedly explained that, "[i]n determining the propriety of an equitable distribution award [], we must consider the distribution scheme as a whole." **Schenk v. Schenk**, 880 A.2d 633, 643 (Pa.Super. 2005). "[W]hen a court divides the marital property, it must do so only after considering 'all relevant factors,' including eleven specific

factors listed in the Divorce Code." ***Teodorski v. Teodorski***, 857 A.2d 194, 199-200 (Pa.Super. 2004) (citation and internal quotation marks omitted).

> Pursuant to 23 Pa.C.S.A. § 3502(a), when fashioning equitable distribution awards, the trial court must consider: the length of the marriage; any prior marriages; age, health, skills, and employability of the parties; sources of income and needs of the parties; contributions of one party to the increased earning power of the other party; opportunity of each party for future acquisitions of assets or income; contribution or dissipation of each party to the acquisition, depreciation or appreciation of marital property, value of each party's separate property, standard of living established during the marriage; economic circumstances of each party and whether the party will be serving as custodian of any dependent children.

***Mercatell v. Mercatell***, 854 A.2d 609, 611 (Pa.Super. 2004) (citation omitted). "The weight to be given to these statutory factors depends on the facts of each case and is within the [fact-finder's] discretion." ***Schenk***, 880 A.2d at 643 (citations omitted).

Instantly, we find that Master Wilson expressly considered all of the relevant factors in making her recommendations as to how the parties' marital property should be distributed. (***See*** master's report and recommendation, 4/30/15 at 10-11.) Those factors included Husband's higher earning capacity, the fact that Wife is in poor physical health and has been deemed disabled, and that "Wife is incapable of self-support through full[-]time employment" and that her needs "greatly outweigh" those of Husband due to her physical condition. (***Id.*** at 9.) The master also

considered the duration of the marriage; the parties' respective ages, the fact that they did not have children, their "minimal" standard of living during the marriage; and their $24,480.43 in credit card debit. (*Id*.)  Additionally, the master took note of the fact that Wife put a $5,000 down payment on the marital home at the time of its purchase and that Wife contributed financially to Husband's business.  (*Id.*)

Husband's contentions on appeal merely challenge the weight to be accorded the various factors, and as discussed, this matter was within the province of Master Wilson, and not within the appellate court.  *See Schenk*, 880 A.2d at 643; *Moran*, 839 A.2d at 1095.  Herein, Master Wilson and the trial court gave due consideration to all of the factors set forth in Section 3502(a) in arriving at an equitable distribution scheme which, as a whole, achieved a just determination of the parties' marital property. Accordingly, we find no abuse of the trial court's discretion in denying Husband's exceptions to the equitable distribution scheme set forth in Master Wilson's report and recommendation.

We now turn to Husband's remaining claims challenging the award of alimony to Wife.  Specifically, Husband argues that Master Wilson erred in granting Wife alimony because she is employed part-time; she is entitled to social security at age 62; she receives a monthly social security disability payment; she was not found to be "an injured or innocent spouse"; and she

received a windfall from the equitable distribution award. (Husband's brief at 18-24; issues 6-10.) We disagree.

> The role of an appellate court in reviewing alimony orders is limited; we review only to determine whether there has been an error of law or abuse of discretion by the trial court. **Absent an abuse of discretion or insufficient evidence to sustain the support order, this Court will not interfere with the broad discretion afforded the trial court.**

*Smith v. Smith*, 904 A.2d 15, 20 (Pa.Super. 2006) (citation omitted; emphasis added).

In determining the nature, amount, duration, and manner of payment of alimony, the following 17 factors set forth in Section 3701(b) must be considered:

> (1) The relative earnings and earning capacities of the parties.
>
> (2) The ages and the physical, mental and emotional conditions of the parties.
>
> (3) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.
>
> (4) The expectancies and inheritances of the parties.
>
> (5) The duration of the marriage.
>
> (6) The contribution by one party to the education, training or increased earning power of the other party.
>
> (7) The extent to which the earning power, expenses or financial obligations of a party will

be affected by reason of serving as the custodian of a minor child.

(8) The standard of living of the parties established during the marriage.

(9) The relative education of the parties and the time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment.

(10) The relative assets and liabilities of the parties.

(11) The property brought to the marriage by either party.

(12) The contribution of a spouse as homemaker.

(13) The relative needs of the parties.

(14) The marital misconduct of either of the parties during the marriage. The marital misconduct of either of the parties from the date of final separation shall not be considered by the court in its determinations relative to alimony, except that the court shall consider the abuse of one party by the other party. As used in this paragraph, "abuse" shall have the meaning given to it under section 6102 (relating to definitions).

(15) The Federal, State and local tax ramifications of the alimony award.

(16) Whether the party seeking alimony lacks sufficient property, including, but not limited to, property distributed under Chapter 35 (relating to property rights), to provide for the party's reasonable needs.

(17) Whether the party seeking alimony is incapable of self-support through appropriate employment.

23 Pa.C.S.A. § 3701(b); *see also Isralsky v. Isralsky*, 824 A.2d 1178, 1188 (Pa.Super. 2003).

In the instant matter, Master Wilson determined that an alimony award of $280 per month until Wife reaches the age of 65 was appropriate, given the "great disparity in [the parties' respective] earning capacities and income" and the fact that "Wife is incapable of self-support through full[-]time employment." (Master's report and recommendation, 4/30/15 at 9-10.) Following our careful review, we conclude that Master Wilson adequately examined the specific facts of this case and properly analyzed the appropriate statutory factors in Section 3701(b) in determining Wife's reasonable needs and Husband's earning capacity. The record supports Master Wilson's findings, and therefore, we conclude that the trial court did not abuse its discretion in adopting her alimony recommendation.

Order entering decree affirmed.

Judgment Entered.

JosephD.Seletyn,Esq.
Prothonotary

Date: 1/13/2017

- 13 -