J-S39034-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| MATTHEW JOHN DAYMUT, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANNE MARIE DAYMUT, | : | |
| | : | |
| Appellant | : | No. 1840 WDA 2016 |

Appeal from the Order November 3, 2016
in the Court of Common Pleas of Armstrong County
Civil Division at No(s):  2011-1897-Civil

BEFORE:    BENDER, P.J.E., BOWES, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED SEPTEMBER 06, 2017**

Anne Marie Daymut (Wife) appeals from the November 3, 2016 order that decreed her divorced from Matthew John Daymut (Husband) and set forth the equitable distribution of the parties' marital assets.  We affirm.

The parties were married in August 2003; Husband filed a complaint in divorce in November 2011.   Economic claims were assigned to a master by order of October 29, 2015.  The master conducted a hearing on March 23, 2016, and filed a report on May 23, 2016.  Therein, the master determined that the value of the marital estate was $33,240.99, and recommended a 50/50 split.  Master's Report, 5/23/2016, at 13 (pages unnumbered).

Wife and Husband filed exceptions and cross-exceptions, respectively, on which the trial court entertained argument on October 25, 2016.    The trial court disposed of the exceptions by order of November 1, 2016.  On

_____
*Retired Senior Judge assigned to the Superior Court.

November 3, 2016, the trial court entered a divorce decree, and adopted the master's proposed scheme of distribution of the marital assets.[1]

On December 1, 2016, Wife timely filed a notice of appeal. Both Wife and the trial court complied with Pa.R.A.P. 1925. Wife presents the following three issues for this Court's review.

> I. Did the trial court err in accepting the master's general scheme of distribution, given all the statutory factors?
>
> II. Did the trial court err in failing to properly and fully consider Wife's contribution to the marital estate in the purchase of the marital residence, while not properly considering Husband's non-marital assets, specifically his inheritance?
>
> III. Did the trial court err in failing to properly and fully consider the disparity of the parties' income, disparity of the parties' future income, and the disparity in currently available and future benefit packages?

Wife's Brief at 4 (unnecessary capitalization and suggested answers omitted).

We consider Wife's questions mindful of the following.

> A trial court has broad discretion when fashioning an award of equitable distribution. Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. This Court will not find an abuse of discretion unless

---

[1] The only change from the order proposed by the master was, as a result of the trial court's grant of one of Wife's exceptions, to give Wife 30 days from the date of the refinancing or sale of the marital residence, rather than 90 days from the entry of the divorce decree, to pay Husband his remaining share of the marital value of the equity in the home.

the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.

**Reber v. Reiss**, 42 A.3d 1131, 1134 (Pa. Super. 2012) (quoting **Biese v. Biese**, 979 A.2d 892, 895 (Pa. Super. 2009)).

In fashioning an equitable distribution award, the trial court must consider, at a minimum, the eleven factors set forth in 23 Pa.C.S.[] § 3502…. These factors require the trial court to consider the relative economic positions of the parties and the nature of the parties' relationship. The section 3502 factors are not a simple formula, rather they serve as a guideline for consideration. The facts of a particular case mandate how the section 3502 factors will be applied.

**Gates v. Gates**, 933 A.2d 102, 105 (Pa. Super. 2007). The factors enumerated in section 3502 are as follows.

(1) The length of the marriage.

(2) Any prior marriage of either party.

(3) The age, health, station, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties.

(4) The contribution by one party to the education, training or increased earning power of the other party.

(5) The opportunity of each party for future acquisitions of capital assets and income.

(6) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.

(7) The contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker.

(8) The value of the property set apart to each party.

(9) The standard of living of the parties established during the marriage.

(10) The economic circumstances of each party at the time the division of property is to become effective.

(10.1) The Federal, State and local tax ramifications associated with each asset to be divided, distributed or assigned, which ramifications need not be immediate and certain.

(10.2) The expense of sale, transfer or liquidation associated with a particular asset, which expense need not be immediate and certain.

(11) Whether the party will be serving as the custodian of any dependent minor children.

23 Pa.C.S. § 3502(a).

The record supports the following factual findings made by the special master, adopted by the trial court, and/or acknowledged by Wife in her brief. Wife, age 37 at the time of the hearing, has a master's degree in environmental management and earned $51,505 per year. She had a non-marital IRA with a balance of more than $5,500, and stocks inherited from her mother. Wife contributed $12,000 to the purchase of the marital residence, which had a market value of $64,000 and an outstanding mortgage balance of $40,000. Wife continued to reside in the marital

residence after Husband moved out; she desired to stay in the marital residence, where she has primary custody of the parties' two children (ages 17 and 10).

Husband, age 36 at the time of the hearing, has a bachelor's degree, was working as a public school teacher under contract earning $72,736 per year, and was paying Wife $650 per month in child support. He has a pension, the marital portion of which is $9,240.99. In August 2009, Husband and his brother inherited from their father real estate worth $81,420, along with an annuity with a total value of $30,000.

The parties kept separate bank accounts during the marriage. At the time of separation, Wife drove a 2010 Mini worth approximately the amount owed on it; Husband drove a 2006 BMW, also having no equity in it.

From this, the master determined that from the $24,000 in equity in the marital residence and the marital portion of Husband's pension, there was $33,240.99 in marital property to be distributed. Upon consideration of the subsection 3502(a) factors, the master recommended that the parties retain the personal property that they had amicably divided; that Wife retain the marital residence; and that there be a 50/50 split of the marital estate, achieved by Wife paying Husband $7,379.50, which is Husband's share of the residence minus Wife's share of Husband's pension. Master's Report, 5/23/2016, at unnumbered 13.

Wife filed exceptions to the master's report concerning, *inter alia*, the issues she raises on appeal. Wife argues that the decision is not based upon a full consideration of Husband's non-marital assets, particularly his inheritance from his father, given that Wife used funds inherited from her mother before the marriage for a down payment on the marital residence.[2] Wife's Brief at 10-11. She acknowledges that, because Husband's father died approximately one year before the parties' separation, "there is probably a very minimal amount of this property that would be considered a marital asset." *Id.* at 11. Nonetheless, Wife contends that contrasting the treatment of the two inheritances shows that a 50/50 division of the marital assets is not just. *Id.*

Wife also contends that there was insufficient consideration of the parties' current and future economic opportunities. *Id.* at 12. Specifically, she states as follows.

> Given the disparity of the parties' income now and in the future, the disparity in the parties' access to health insurance and other benefits, combined with the fact that Wife has primary care of the parties' minor children, it cannot be said that a 50/50 division accomplishes economic justice in this matter.

*Id.* at 14.

The trial court offered the following explanation of its decision to accept the master's recommendation notwithstanding Wife's exceptions.

---

[2] Wife concedes that, by using the money as a down payment on the marital residence, "that asset, even to the extent that it was premarital, became a marital asset." Wife's Brief at 10.

Wife argues … that the master erred in failing to consider as an equitable factor Husband's inheritance from his father. Husband's father died in 2009 and bequeathed to Husband and his brother a home and certain additional property. Husband later refinanced the home and bought out his brother's interest. The mortgage on the residence, where Husband currently resides, is of an undisclosed value, and therefore the actual equity in the home is not indicated in the record. Further, the master concluded that the increase in value of the residence from the date of Husband's father's death to the date of separation, a period of just over one year, would be negligible. The court agrees. The master, particularly on the record before him, appropriately did not attribute significant value to this asset because it is non-marital and does not significantly change the parties' economic circumstances. Nor did he have any evidence before him to attribute a real value to it.[2]

_____

[2] The Court notes that no discovery was conducted by Wife prior to the master's hearing, despite being granted leave to do so by order entered December 1, 2015. … Wife contends that the master failed to consider certain values and/or assets as part of his equitable distribution determination. Wife did not introduce any evidence to the master to support such considerations, and the court will not find error or abuse of discretion where the master did not have a sufficient factual basis to conclude otherwise.

* * *

The master did indeed consider Wife's contribution of $12,000.00 to the marital residence, but concluded that no additional credit was due to Wife because she had remained in exclusive possession of the residence for five years after the parties' separation and requested that she remain in possession after the divorce was granted. …

… The parties resided together prior to the marriage and prior to purchasing the marital residence, which they financed together. Wife did contribute the down payment toward the purchase from premarital funds, but the home always was joint marital property. Further, although Wife paid the mortgage during the parties' marriage, the payments were made from Wife's income earned during the marriage, not with pre-marital

funds. The mortgage was then refinanced after the parties' separation, to which Husband agreed even though he had not resided there for several years. Finally, Wife has been in exclusive possession of the residence for a least five years and she has not had to secure other housing.

\* \* \*

Wife argues that the master failed to consider the fact that she has primary custody of the parties' two minor children…. The master did make a finding that Husband currently pays $650 per month in child support, but did not otherwise consider Wife's primary custody in his equitable distribution recommendation. Wife contends that the master should have "considered" this, but does not propose how or on what basis the consideration should have been made. Wife did not introduce any evidence regarding additional expenses that she has incurred above what is paid in child support, nor did she introduce any evidence regarding any special needs of the children. Moreover, the eldest [*sic*] child… soon will be emancipated.

\* \* \*

Wife argues … that the master erred in "failing to consider the likelihood of future acquisition of assets and increased income for [Husband] as compared to [Wife]." Wife argues that because Husband's current income is higher than her current income, and because his employment is secure and hers supported by year-to-year government grants, the master should have considered these factors in fashioning the equitable distribution award. Wife also argues that the master should have considered the parties' disparate access to healthcare. The master concluded in this regard that both parties were employed full-time, have marketable skills and abilities, and have retirement plans. He accordingly concluded that they are on basically equal economic footing. The court finds no error in this conclusion. Although Husband's current salary is higher than that of Wife, his salary is capped based on his education and will not exceed a particular amount. Wife has a more advanced degree than Husband and has a history of working for various kinds of entities. There is not any substantial economic disparity between the parties or their future prospects for gainful employment and acquisition of property, and the court does not

- 8 -

find persuasive Wife's argument to the contrary. Moreover, and again, Wife did not introduce any evidence before the master that would permit him to make any more particular findings in this regard.

Memorandum, 11/1/2016, at 5-6, 4-5, 7-9 (unnecessary capitalization omitted).

The trial court offered additional discussion of Wife's claims in its Rule 1925(a) opinion:

> I write here to further reiterate that the master's hearing in this case proceeded for only one and one-quarter hours. The parties were granted leave to conduct discovery prior to the hearing. Wife did not conduct any discovery; nor did she present any independent evidence at the master's hearing to address the majority of issues she now raises. Further, although Wife … styles her issues on appeal as errors of the court to "properly consider" certain circumstances, Wife offered no alternative calculations on these matters and no evidence to support such calculations. Because this case is now more than five years old, and because Wife did not avail herself of her opportunity to make a more complete record to buttress her arguments, the court did not, and does not, find that remand to the master for further proceedings was warranted or necessary. The court thoroughly reviewed and read the entire record in this case and continues to conclude that the equitable distribution scheme fashioned by the master and affirmed by [the trial] court is fair, equitable, and works economic justice between the parties.

Trial Court Opinion, 1/5/2017, at 1-2 (unnecessary capitalization omitted).

We discern no error or abuse of discretion by the trial court. First, this Court will not engage in a factor-by-factor review of the trial court's rulings. As we have explained:

> We do not evaluate the propriety of the distribution order upon our agreement with the court['s] actions nor do we find a basis

- 9 -

for reversal in the court's application of a single factor. Rather, we look at the distribution as a whole, in light of the court's overall application of the [23 Pa.C.S. § 3502(a)] factors…. If we fail to find an abuse of discretion, the [o]rder must stand.

***Lee v. Lee***, 978 A.2d 380, 383 (Pa. Super. 2009) (quoting ***Trembach v. Trembach***, 615 A.2d 33, 36 (Pa. Super. 1992)).

Second, the record reflects that Wife failed to offer evidence to support her claims that the master or trial court's findings as to any factor were erroneous. She does not point to anything in the record that compels the conclusion that her economic future is significantly bleaker than that of Husband, be it because of his non-marital inheritance, her status as the custodial parent, or their respective incomes or related employment benefits. ***See***, ***e.g.***, ***Baker v. Baker***, 861 A.2d 298, 302 (Pa. Super. 2004) ("Where the evidence offered by one party is uncontradicted, the court may adopt this value even though the resulting valuation would have been different if more accurate and complete evidence had been presented."); ***Smith v. Smith***, 653 A.2d 1259, 1268 (Pa. Super. 1995) (holding trial court did not abuse its discretion in equitable distribution where husband failed to offer evidence to show marital portion of the increase in value of wife's inheritance).

As such, Wife has failed to convince this Court that the trial court's 50/50 equitable distribution scheme is the product of the law's being "overridden or misapplied or [that] the judgment exercised was manifestly

unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record." ***Childress v. Bogosian***, 12 A.3d 448, 455 (Pa. Super. 2011) (citations and internal quotation marks omitted). Accordingly, we affirm the trial court's November 3, 2016 order.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/6/2017